IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTAVIS DAVON MILLS, # 285364, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:17-CV-258-ECM-SMD |
| | ) |
| WALTER MYERS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the Court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Antavis Davon Mills on April 20, 2017. (Doc. 1).[1] Mills challenges his 2012 Dale County convictions for attempted murder and felony murder, for which he was sentenced to concurrent terms of 33 years in prison. In his petition, Mills claims his trial counsel was ineffective for failing to subpoena a witness who he says would have provided favorable testimony for him at trial. (Doc. 1) at 5. Respondents argue that Mills' petition is time-barred under the federal limitation period. (Doc. 9) at 4–5, 12. The Court agrees and finds that Mills' petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II.  DISCUSSION

A.  **AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B.  **State Court Proceedings**

On July 12, 2012, a Dale County jury found Mills guilty of attempted murder, *see* § 13A-6-2 & § 13A-4-2, Ala. Code 1975; kidnapping in the first degree, *see* § 13A-6-43,

Ala. Code 1975; and felony murder, *see* § 13A-6- 2(a)(3), Ala. Code 1975. *See* (Doc. 9-1) at 114; (Doc. 9-3) at 132–34. On August 16, 2012, the trial court sentenced Mills to 33 years imprisonment for each conviction and ordered that the sentences were to run concurrently. (Doc. 9-3) at 141.

Mills appealed, and in an opinion issued on July 12, 2013, the Alabama Court of Criminal Appeals affirmed his convictions and sentence for attempted murder and felony murder but reversed his kidnapping conviction because it served as the predicate felony for the murder conviction. (Doc. 9-4). After a remand in which the trial court vacated the kidnapping conviction, the Alabama Court of Criminal Appeals affirmed the trial court's judgment in a memorandum opinion entered on September 27, 2013. (Doc. 9-5). Mills' application for rehearing was overruled on December 13, 2013. Mills did not seek discretionary review in the Alabama Supreme Court, and on January 2, 2014, the Alabama Court of Criminal Appeals entered a certificate of judgment. (Doc. 9-6).

On July 5, 2014, Mills filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* (Doc. 9-7) at 15. In his Rule 32 petition, Mills presented the same claim he presents in his § 2254 petition—i.e., that his trial counsel was ineffective for failing to subpoena a witness who he says would have provided favorable testimony for him. On August 12, 2015, after holding an evidentiary hearing, the trial court denied Mills' Rule 32 petition, finding that his ineffective-assistance claim lacked merit. *Id.* at 66–69. Mills appealed, and on February 5, 2016, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. (Doc. 9-10). Mills' application for rehearing was overruled, and he filed a

3

petition for writ of certiorari with the Alabama Supreme Court . *See* (Docs. 9-11 through 9-13). On June 10, 2016, the Alabama Supreme Court denied his petition for certiorari, and a certificate of judgment was entered that same date. (Docs. 9-14; 9-15).

**C.     Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Here, Mills' conviction became final, and direct review concluded, on January 2, 2014, when the Alabama Court of Criminal Appeals entered a certificate of judgment. The AEDA's one-year limitation period therefore commenced on that date. 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, the limitation period would have expired for Mills one year later.

*1. Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging a petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). On July 5, 2014, as noted above, Mills filed a Rule 32 petition in the trial court. That filing tolled AEDPA's limitation period under § 2244(d)(2). At that time, the limitation period had run for 184

days (from January 2, 2014 to July 5, 2014).  The state court proceedings related to Mills' Rule 32 petition concluded on June 10, 2016, when the Alabama Supreme Court denied certiorari review and a certificate of judgment was entered.  On that date, Mills had 181 (i.e., 365 - 184) days remaining within which to file a timely federal habeas petition.  The AEDA's limitation period ran unabated for those 181 days, before expiring on December 8, 2016.  Mills did not file his § 2254 petition until April 20, 2017—133 days after expiration of AEDPA's one-year limitation period.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) do not provide safe harbor for Mills by affording a different triggering date such that AEDPA's limitation period commenced on some date later than January 2, 2014, or (counting tolling under § 2244(d)(2)) expired on some date later than December 8, 2016.  There is no evidence that an unlawful state action impeded Mills from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Mills submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Mills also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

## 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A

petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Mills appears to suggest that equitable tolling applies to excuse the untimely filing of his § 2254 petition because, he says, the state trial court failed to respond to his requests that counsel be appointed to assist him in preparing a § 2254 petition. (Doc. 11) at 1–2. However, Mills had not constitutional or statutory right to the assistance of counsel in federal habeas proceedings. *See, e.g., McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Moreover, Mills' cursory assertions in this regard[2] fail to show how the trial court's failure to rule on his requests for counsel prevented him from preparing and filing a timely *pro se* § 2254 petition. Mills demonstrates no entitlement to equitable tolling.

Mills' § 2254 petition is subject to AEDPA's one-year imitation period. Because Mills failed to file his § 2254 petition within the one-year federal limitation petition, his petition is time-barred, and his claims are subject to no further review by this court. *See* 28 U.S.C. § 2244(d)(1)(A).

---

[2] Mills does not indicate when he made his requests to the trial court for appointment of counsel, nor does he explain why it was necessary that he have the assistance of counsel in preparing his § 2254 petition.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before June 7, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 24th day of May, 2019.

/s/ Stephen M. Doyle
United States Magistrate Judge